# IN THE COURT OF APPEALS OF IOWA

No. 21-0746
Filed October 20, 2021

**IN THE INTEREST OF R.A., R.A., and J.W.,**
**Minor Children,**

**V.T., Mother,**
  Appellant.

_____

  Appeal from the Iowa District Court for Polk County, Brent Pattison, District Associate Judge.


  A mother appeals the termination of her parental rights to her child.
**AFFIRMED.**


  Lisa A. Allison of Allison Law Firm, LLC, Des Moines, for appellant mother.

  Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

  Raya Dimitrova of Carr Law Firm, Des Moines, attorney and guardian ad litem for minor children.


  Considered by Mullins, P.J., and May and Ahlers, JJ.

**MAY, Judge.**

A mother appeals the termination of her parental rights to her children, R.A., R.A., and J.W.[1] She challenges the statutory grounds authorizing termination and whether termination is in the best interests of the children.[2] We affirm.

Our review of termination proceedings is de novo. *In re Z.P.*, 948 N.W.2d 518, 522 (Iowa 2020). "We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination. Evidence is clear and convincing when there is no serious or substantial doubt as to the correctness of the conclusions of law drawn from the evidence." *In re T.S.*, 868 N.W.2d 425, 431 (Iowa Ct. App. 2015) (citation omitted).

Our analysis proceeds in three steps. *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018). First, we determine whether the grounds for termination have been established. *Id.* at 472–73. Then, we turn to whether termination is in the best interests of the children. *Id.* at 473. And finally, we consider whether we should exercise any permissive exceptions to termination. *Id.* But if a parent doesn't challenge a step in our analysis, we need not address it. *In re J.P.*, No. 19-1633, 2020 WL 110425, at *1 (Iowa Ct. App. Jan 9, 2020).

Here, the mother's rights were terminated under Iowa Code section 232.116(1)(h) and (*l*) (2021). When a juvenile court terminates under multiple statutory grounds, we may affirm on any ground raised and satisfied

---

[1] At the time of termination, the children's fathers were deceased.
[2] The mother also makes a passing request that we forgo termination and instead establish a guardianship with the maternal grandmother serving as guardian. But she does not develop any supporting argument. So we consider the argument waived. *See In re A.D.*, No. 20-1192, 2020 WL 7022393, at *3 n.5 (Iowa Ct. App. Nov. 30, 2020).

below.  *In re J.D.*, No. 21-0391, 2021 WL 3379037, at *1 (Iowa Ct. App. Aug. 4, 2021).  We choose to address paragraph (h), which authorizes termination when:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

Iowa Code § 232.116 (1)(h).  The mother concedes all but the fourth element.  This fourth element is established when the State proves the children cannot be safely returned to the parent at the time of the termination hearing.  *In re T.W.*, No. 20-0145, 2020 WL 1881115, at *2–3 (Iowa Ct. App. Apr. 15, 2020).

We agree with the juvenile court that the children cannot be safely returned to the mother's care.  The mother struggles with substance use.  She tested positive for methamphetamine and marijuana during the life of this case.  She most recently tested positive for methamphetamine and marijuana roughly six months prior to the termination hearing.  And she missed several drug tests over the life of this case.  We presume these missed tests would have been positive for illegal substances.  *See In re D.G.*, No. 20-0587, 2020 WL 4499773, at *4 (Iowa Ct. App. Aug. 5, 2020); *In re I.J.*, No. 20-0036, 2020 WL 1550702, at *2 (Iowa Ct. App. Apr. 1, 2020) ("We presume these missed drug tests would have resulted in positive tests."); *In re L.B.*, No. 17-1439, 2017 WL 6027747, at *2 (Iowa Ct. App. Nov. 22, 2017); *In re C.W.*, No. 14-1501, 2014 WL 5865351, at *2 (Iowa Ct. App. Nov. 13, 2014) ("She has missed several drug screens, which are thus presumed 'dirty,'

i.e., they would have been positive for illegal substances."). To her credit, the mother obtained a substance-abuse evaluation. It yielded diagnoses of "stimulant use disorder, severe, amphetamine-type substance" and "cannabis use disorder, severe." Then, and again to the mother's credit, she entered treatment. But she was unsuccessfully discharged because she chose to leave.

"A parent's methamphetamine use, in itself, creates a dangerous environment for children." *J.P.*, 2020 WL 110425, at *2. "We cannot turn a blind eye to the [mother's] history of use. And we fear [her] continued methamphetamine use is likely in the future." *See In re E.G.*, No. 21-0467, 2021 WL 2709486, at *2 (Iowa Ct. App. June 30, 2021). We conclude a statutory ground for termination is satisfied and move to our next step.

We now consider whether termination is in the best interests of the children. When making a best-interest determination, we "give primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren]." *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (quoting Iowa Code § 232.116(2)). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *Id.* at 41.

The mother claims termination is "unnecessarily cruel" to her and she can continue to "build on her progress within the next few years." But our focus is on what is best for the children. And these children deserve permanency and stability,

which can best be achieved through termination.  So we conclude termination is in the children's best interests.

Because the mother does not raise a section 232.116(3) permissible exception to termination, we conclude our analysis here.

**AFFIRMED.**